## Commonwealth v. Camaroto, Appellant.

*Criminal law—Assault and battery—Intent to kill by shooting—Evidence.*

On the trial of an indictment for aggravated assault and battery with intent to kill by shooting, where it is conceded that the prisoner shot the person whom he assaulted at or near a vital portion of his body, the defendant can only be relieved of responsibility by showing to the satisfaction of the jury that his act was excusable. If he sets up self defense and this question is fairly submitted to the jury, a conviction will not be reversed.

Argued Nov. 19, 1917. Appeal, No. 309, Oct. T., 1917, by defendant, from judgment of Q. S. Bucks Co., June T., 1917, No. 22, on verdict of guilty in case of Commonwealth v. Guiseppe Camaroto. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for aggravated assault and battery with intent to kill by shooting. Before RYAN, P. J.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in passing sentence upon the defendant and in not withdrawing the case from the jury.

*John L. Dubois,* for appellant, cited: Com. v. Byers, 45 Pa. Superior Ct. 37.

Opinion of the Court.   [69 Pa. Superior Ct.

*Calvin S. Boyer,* District Attorney, for appellee.

Opinion by Head, J., July 10, 1918:

It must be apparent the record before us presents no case for the application of the legal doctrine upon the strength of which Commonwealth v. Byers, 45 Pa. Superior Ct. 37, was disposed of. In the case at bar it is practically conceded the defendant shot the plaintiff at or near a vital portion of his body. When such an act has been done the defendant can be relieved of responsibility only by showing to the satisfaction of the jury that his act was excusable. He endeavored to prove that the shooting was done in the lawful defense of his own person against an unjustifiable assault by the injured party. That question of fact was fairly submitted to the jury in a charge of which no complaint has been or could be made. There is no self-sustaining assignment of error and all of them might well be quashed and the appeal dismissed on that ground. We have taken the trouble, however, to carefully examine the evidence and there can be no doubt that it discloses ample warrant for the finding by the jury that defendant was guilty in manner and form as he stood indicted. The assignments of error are overruled.

The judgment of the Court of Quarter Sessions is affirmed and the record is remitted to that court to the end the sentence imposed may be carried into execution.